PER CURIAM.
The plaintiffs prosecuted a malpractice action for sciatic nerve damage resulting from hip replacement surgery. Over plaintiffs’ objection, the court permitted the defendants to show the jury a videotape of another hip replacement operation performed by one of the defendants. In response to a motion for new trial following a verdict for the defendants, the court concluded that it had erred in permitting the showing of the videotape primarily because “by showing a defendant successfully performing a difficult medical procedure he may have been given unwarranted advantage before the jury.” Nevertheless, the court determined that the error was harmless and denied the motion.
We can see how a videotape of surgery similar to that involved in a malpractice case could assist the jury in understanding the procedure, though we appreciate the court’s concern over the fact that one of the defendant doctors conducted the videotaped operation. On this record we are convinced that any error committed in allowing the showing of the videotape could not have affected the outcome of the trial. § 59.041, Fla.Stat. (1983). We cannot accept the proposition that the jury was so naive as to believe that because the doctor successfully completed one operation, he could not have been negligent in another.
The plaintiffs’ reliance on Continental Casualty Co. v. McClure, 225 So.2d 590 (Fla. 2d DCA 1969) is misplaced because that case involved a motion picture of an experiment which purported to demonstrate that the accident did not occur in the manner described by the plaintiff. In view of the many variables between the accident and the experiment, we held that the trial judge did not err in excluding the motion *276 pictures. In the instant case, the videotape was introduced only for the purpose of illustrating the nature of the surgery involved. The differences in surgical procedure between the plaintiffs surgery and the videotaped operation were fully explained. In any event, those portions of the videotaped operation which were different were only irrelevant, not prejudicial.
Affirmed.
GRIMES, A.C.J., and CAMPBELL and SCHOONOVER, JJ., concur.